# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JEFFERY MARCEL ROBINSON**                                                             **PLAINTIFF**

**V.**                                                           **NO. 4:13-CV-00179-DMB-JMV**

**ORA STARKS, Warden; ATTORNEY**
**GENERAL OF THE STATE OF**
**MISSISSIPPI**                                                            **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the pro se petition of Jeffery Marcel Robinson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Robinson has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

## I
## Facts and Procedural Posture

Jeffery Marcel Robinson is in the custody of the Mississippi Department of Corrections and is currently housed at the Bolivar County Correctional Facility in Cleveland, Mississippi. Robinson was convicted of one count of possession of a controlled substance in the Circuit Court of Panola County, Mississippi. On June 10, 2009, Robinson was sentenced, as both a habitual offender and repeat drug offender, to serve twelve years in the custody of the Mississippi Department of Corrections.

Robinson appealed his sentence and conviction to the Mississippi Supreme Court. On March 22, 2011, the Mississippi Court of Appeals affirmed the trial court's judgment. *Robinson v. State*, 68 So. 3d 721, 724 (Miss. Ct. App. 2011). The Mississippi Supreme Court denied

certiorari on September 1, 2011.  *Robinson v. Mississippi*, 69 So. 3d 767 (Miss. 2011).  Robinson did not file a petition for writ of certiorari to the United States Supreme Court.

On December 3, 2012, Robinson filed an "Application for Leave to File Motion for Post Conviction Relief" in the Mississippi Supreme Court.  Doc. #7-3.  On January 23, 2013, the Mississippi Supreme Court denied the application.  Doc. #7-4.  Robinson completed the instant petition for a writ of *habeas corpus* on September 29, 2013; and filed the action on October 11, 2013.  Doc. #1.

## II
## One-Year Limitations Period

This case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S. C. § 2244(d)(1) and (2).

Robinson's judgment became final on November 30, 2011, ninety days after the Mississippi Supreme Court denied certiorari on September 1, 2011. *See Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999) (§ 2244(d)(1)(A) "takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review"); *see also* 28 U.S.C. § 2101; *Bell v. Maryland,* 378 U.S. 226, 232 (1964) (time period in which petitioner could file a petition for writ of certiorari to Supreme Court must be considered in calculating date on which judgment becomes final). Thus, unless § 2244(d)'s one-year statute of limitations was tolled, Robinson's federal petition for a writ of *habeas corpus* was due in this court by November 30, 2012.[1]

The record shows that Robinson filed a motion for post-conviction relief on November 21, 2012, and that the motion was denied on January 23, 2013. There is no dispute that this period tolled the statute of limitations under § 2244(d)(2). *See Grillete v. Warden,* 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Incorporating the 63-day period of tolling, the deadline for Robinson's *habeas corpus* petition was February 1, 2013 – that is November 30, 2012, plus 63 days.[2]

"According to the prison mailbox rule … a pro se prisoner's habeas petition is filed … when he delivers the papers to prison authorities for mailing." *Watts v. Brewer*, 416 Fed. App'x 426–27 (5th Cir. 2011) (internal quotation marks omitted) (quoting *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998)). In this case, the federal petition was delivered for mailing sometime between the date it was signed on September 29, 2013, and the date it was received and stamped

---

[1] Robinson has not alleged that the State impeded his ability to file a petition for a writ of *habeas corpus*; as such, 28 U.S.C. § 2244(d)(1)(B) does not apply to this case. Similarly, Robinson has not alleged a change in federal law or newly discovered facts; as such, neither 28 U.S.C. § 2244(d)(1)(C) nor (D) applies to this case.

[2] The Fifth Circuit has recognized that equitable tolling may be applied to §2244(d)'s limitations period, but only in "rare and exceptional circumstances …." *Ott*, 192 F.3d at 514. Petitioner has not identified any circumstances which would justify equitable tolling.

as "filed" in the district court on October 11, 2013. Even assuming the petition was given for mailing on September 29, 2013, the instant petition was filed 240 days after the February 1, 2013, filing deadline. The instant petition will thus be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 26th day of November, 2014.

    **/s/ Debra M. Brown**
    **UNITED STATES DISTRICT JUDGE**